UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROLANDO HALL,** : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:15-1113** |
| v. : | |
| : | **(JUDGE MANNION)** |
| **LT. LIDWELL, et al.,** : | |
| **Defendants** : | |

**MEMORANDUM**

**I. Background**

Plaintiff, an inmate confined in the Smithfield State Correctional Institution, ("SCI-Smithfield"), Huntingdon, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff names as Defendants the following SCI-Smithfield employees: Lt. Alan Lidwell and Correctional Officer Michael McConoughey. Id.

By Order dated July 1, 2015 Plaintiff was permitted to proceed in forma pauperis and process was issued. (Doc. 8).

On August 19, 2015, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim of denial of access to the courts. (Doc. 14). In response to Defendants' motion, Plaintiff filed an amended complaint. (Doc. 16). Thus, the action proceeds via Plaintiff's amended complaint.

Presently before the Court is Defendants' motion to dismiss Plaintiff's amended complaint. (Doc. 17). The motion has been fully briefed and is ripe

for disposition. For the reasons that follow, Defendants' motion to dismiss will be **DENIED**.

## II. Allegations in the Amended Complaint

In October, 2013, Hall was transferred to SCI-Smithfield. (Doc. 16). He alleges that on August 15, 2014, he was sent to the Restricted Housing Unit (RHU) with all his property from his single cell. Id.

On August 23, 2014, Plaintiff states that he was "called out of the RHU cell to inventory his property very late and was rushed to go through his property do (sic) the late hour." Id. After being rushed to go through the property, the items were packed and Plaintiff was given confiscated items receipt #23255. Id. The receipt, which was signed by Defendant McConoughey, reflected "2 boxes legal material and hold pending grievance." Id. Plaintiff states that he was "told by the Officer he needed permission for an extra box for legal property" and that Plaintiff "wrote for and was approved." Id.

Plaintiff states that he "received a letter from the court stating that the deadline to file his Amended P.C.R.A. is due on October 15, 2014." Id. He claims that Defendant Lidwell "came to [his] cell for proof of Plaintiff's

2

deadline" and "Plaintiff showed the letter and Lt. Lidwell said another officer will take you to get the legal property." Id. Allegedly, Defendant McConoughey "came to the cell door with one box of legal property and said he could not give [Plaintiff] all of [his] legal boxes." Id. Plaintiff informed McConoughey that he "needed to go through the two legal boxes to get what was needed to do his Amended P.C.R.A. Petition." Id. Defendant McConoughey responded "no, Lt. Lidwell said to give you a few folders from a box and that was his orders." Id.

On October 6, 2014, Plaintiff was released from the RHU and had an opportunity to explain the situation to Deputy Whitesel, who informed Plaintiff "that he would look into the matter and get back with him at a later date." Id.

Plaintiff claims that "due to C/O McConoughey and Lt. Lidwell misplacing and being able to find Plaintiff's legal box, Plaintiff was unable to file his Amended P.C.R.A. petition in a timely manner with the proper issue to be heard by the court." Id. Specifically, he states that "the documents that were lost in the box by the Defendants were affidavits from witnesses, transcripts and letters from lawyers that were need[ed] to prove Plaintiff's position" that "he meet[s] the time bar exception standard and how said petition was timely." Id.

Plaintiff states that he "did write the Judge again for an extension, but her response was 'You will not be granted any further extension to file your amended petition." Id.

Thus, Plaintiff filed the instant action in which he seeks compensatory and punitive damages. Id.

## III. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for

4

more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

**IV. Discussion**

In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of

5

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.

However, in Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court effectively repudiated much of its prior holding in Bounds. In Lewis, the Supreme Court held that Bounds did not recognize an independent right in prisoners to have an adequate law library; instead, it concerned the established right of access to the courts. Lewis, 518 U.S. at 351. Thus, the Lewis Court held that, in order to successfully challenge a denial of this right of access to the courts, it is not enough for an inmate to establish that the law library provided was inadequate or he was denied access either to the law library or to legal materials; rather, he must establish that such inadequacies in the library or in accessing legal materials caused him actual harm. Lewis, 518 U.S. at 351.

Moreover, Lewis requires that an inmate seeking to prove denial of access to courts prove that the claim that he was denied bringing was nonfrivolous. See Lewis, 518 U.S. at 353 n. 3. Such a requirement is simply a functional result of requiring an "actual injury." If an inmate is denied access to courts to bring a frivolous suit, he has simply not been injured, i.e., he has suffered no prejudice. See id. ("Depriving someone of an arguable (though not

6

yet established) claim inflicts actual injury because it deprives him of something of value-arguable claims are settled, bought and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all....").

In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim: 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415.

The Court explained that the first requirement mandated that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. Christopher, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the 'arguable' nature of the underlying claim is more

than hope." Id. The second requirement requires a Plaintiff to clearly allege in the Complaint the official acts that frustrated the underlying litigation. Third, a Plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. " Id. at 414.

Here, Plaintiff alleges that his right of access to the courts was denied when Defendants McConoughey and Lidwell separated Plaintiff from his legal material which caused his inability to adequately litigate his PCRA petition, by failing to be able to timely file an amended petition in accordance with PCRA court order. Because Plaintiff has alleged a loss of a legal claim as a result of the withholding of his legal documents, he has stated a claim of denial of access to the courts. In Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir.1997) the United States Court of Appeals for the Third Circuit held that "to pursue a claim of denial of access to the courts an inmate must allege actual injury, such as the loss or rejection of a legal claim". Accordingly Defendants' motion to dismiss is denied.

## V.  Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's

amended complaint for failure to state a claim of denial of access to the courts will be denied. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 21, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1113-01.revised.wpd